WOLF, J.,
Concurring.
I concur in the decision reached by the majority because the trial court has the obligation to determine the best interests of the child in deciding whether to grant an adoption. I write because I believe Judge Browning’s opinion and the dissent have mischaracterized the issue in this case. I also believe the dissent’s reliance on Von Eiff v. Azicri, 720 So.2d 510 (Fla. 1998), and Beagle v. Beagle, 678 So.2d 1271 (Fla.1996), is misplaced.
The focus of this case is the trial court’s finding that it was not in the best interest of the children to be permanently adopted by the maternal grandparents who were unwilling to allow reasonable .visitation with the paternal grandparents. The majority opinion misstates the issue before this court on page 2, when it states that the trial court determined that appellants are fit and proper persons to rear the children. The dissent argues that “the trial court denied adoption solely to create visitation rights for grandparents where none exists in law.” Both of these statements focus on the grandparents’ rights rather than the trial court’s proper concern that the actions of the maternal grandparents were not in the best interest of the children.
The gist of the trial court’s decision was that the maternal grandparents were unfit to adopt these children because they were unreasonably denying visitation with the paternal grandparents. The trial court specifically found it is “in the best interest of the minor children to enjoy the love and affection and involvement of all their grandparents in their lives no matter who maintains their primary residence.” This is not an unreasonable conclusion based on these children having recently lost both their real parents.
The basic reasoning of Von Eiff and Beagle is that the State (through the *1052 court) has no business intruding on an existing parental relationship absent a showing of harm to the child (e.g., dependency). In the instant case, no parental relationship exists. The parties are seeking the assistance of the court to create a legal relationship through adoption. Under these circumstances, the court does and should have broad discretion to determine the best interests of the children. It was those best interests which the court determined were being ignored by the prospective adopters based on their behavior toward the other grandparents.